# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re:**

BRANDON BRYCE ELLIS
and ANITA JEAN ELLIS,

**Debtors.**

**Bankruptcy Case
No. 08-41299-JDP**

_____

R. SAM HOPKINS, TRUSTEE,

**Plaintiff,**

**vs.**

SUNTRUST MORTGAGE,
INC.,

**Defendant.**

**Adv. Proceeding No. 10-8016**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

Jim Spinner, SERVICE & SPINNER, Pocatello, Idaho, Attorney for
Plaintiff.

Steven W. Boyce, Idaho Falls, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION - 1

## Introduction

Twenty days after filing a chapter 7 petition,[1] Brandon and Anita Ellis ("Debtors") refinanced and consolidated existing first and second mortgages on their primary residence into a single, new mortgage held by Suntrust Mortgage, Inc. ("Suntrust"), the same company that held the pre-petition liens. This transaction was accomplished without notice to, or the permission of, either the chapter 7 trustee, R. Sam Hopkins ("Trustee"), or this Court. When Trustee learned of this, he commenced an adversary proceeding against Suntrust to avoid the newly granted mortgage as an unauthorized post-petition transfer of property of the bankruptcy estate under § 549.

At issue in this action is whether a chapter 7 debtor's voluntary creation of a post-petition lien is a "transfer" for purposes of § 549, and, if so, whether the Bankruptcy Code provides an exception to avoidance for that transfer. In lieu of a trial, the parties filed a stipulation setting forth

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 2

the relevant facts and documents, Adv. Docket No. 14, and submitted

briefs.  Adv. Docket Nos. 13, 15, 17.  The parties presented oral argument

to the Court on August 10, 2010, after which the issues were taken under

advisement.  The Court has considered the record and submissions of the

parties, the arguments of counsel, as well as the applicable law, and finds

that Debtors' grant of the mortgage to Suntrust may be avoided by Trustee

under § 549(a).[2]

## Facts[3]

Debtors filed a chapter 7 petition on December 18, 2008.  At that

time, Debtors' house was subject to two mortgages, both held by Suntrust.

The balance due on the first mortgage was $124,800 plus interest; the

balance due on the second mortgage was $31,200 plus interest.

On January 7, 2009, Debtors obtained a new mortgage loan from

Suntrust ("January 2009 loan"), for $168,900, also secured by a deed of

---

[2]  This Memorandum constitutes the Court's findings of fact and
conclusions of law, and sets forth the reasons for its decision.  Fed. R. Bankr. P.
7052, 9014.

[3]  These facts are taken from the parties' stipulation.  Adv. Docket No. 14.

MEMORANDUM OF DECISION - 3

trust on Debtors' residence.  Shortly after closing on this loan, Suntrust

caused deeds of reconveyance for the pre-petition first and second

mortgages to be executed and recorded.  As a result, the new mortgage is

the only remaining encumbrance on Debtors' property.

Debtors failed to make payments on the refinance loan for the

period of February 2009 to October 2009, prompting Suntrust to file a

motion for relief from the automatic stay in the bankruptcy case on

October 13, 2009, so it could foreclose.  Trustee objected to Suntrust's

motion on October 27, 2009, and, on February 8, 2010, commenced this

adversary proceeding against Suntrust.  Suntrust then withdrew its

motion for stay relief.

## Discussion

### I.   Chapter 7 debtor's voluntary, post-petition lien creation is a transfer for purposes of § 549.

Relying solely upon § 549(a), Trustee seeks to avoid the creation of

the new post-petition lien in favor of Suntrust.  As an initial matter, the

correct characterization of the creation of Suntrust's post-petition lien must

MEMORANDUM OF DECISION - 4

be settled.  If that lien is properly characterized as a "transfer" for the

purposes of § 549, then analysis under that Code provision, rather than

§ 362, is appropriate.  On the other hand, if the creation of the post-petition

lien on Debtors' house is not properly characterized as a "transfer,"

Suntrust's lien may not be avoided by Trustee under § 549, which only

applies to "transfer[s] of property of the estate."  *See* § 549(a).

The manner in which post-petition liens are characterized for

purposes of § 549 changed with the implementation of the 2005

amendments to the Bankruptcy Code ("BAPCPA").  Prior to those

amendments, a debtor's creation of a post-petition lien on estate property

was deemed by the Ninth Circuit to not constitute a "transfer [of] property

for purposes of § 549."  *Thompson v. Margen* (*In re McConville*), 110 F.3d 47,

49 (9th Cir. 1997) (interpreting and extending the holdings of *Schwartz v.*

*United States* (*In re Schwartz*), 954 F.2d 569, 574 (9th Cir. 1992) and *Phoenix*

*Bond & Indem. Co. v. Shamblin* (*In re Shamblin*), 890 F.2d 123, 127 (9th Cir.

1989)).  The Ninth Circuit's interpretation of "transfer," as defined in *In re*

*McConville,* was unique from earlier considerations of the term, in that

MEMORANDUM OF DECISION - 5

*McConville* analyzed a voluntary, post-petition lien that was, in status, similar to the lien in this case. *See In re McConville*, 110 F.3d at 49. Earlier decisions had made the distinction that post-petition liens were not transfers for the purposes of § 549, even though pre-petition liens had consistently been treated as transfers. *See In re Shamblin*, 890 F.2d at 127 n.7. Prior decisions had also concluded that involuntary liens were not transfers for the purposes of § 549, but that debtors were protected from such liens by the automatic stay in § 362(a)(4). *See In re Schwartz*, 954 F.2d at 574 (reviewing *In re Shamblin*, 890 F.2d at 127). Using those earlier cases as a foundation, *In re McConville* extended the exclusion of "liens-as-transfers" for the purposes of § 549 to voluntary, post-petition liens. 110 F.3d at 49. This conclusion, however, was certainly not a uniformly-accepted interpretation of the Code. *See, e.g., City of Farmers Branch v. Pointer* (*In re Pointer*), 952 F.2d 82, 87 (5th Cir. 1992) (finding that the pre-2005 amendment definition of transfer included attachment of a lien); *Brandt v. 440 Assocs.* (*In re Southeast Banking Corp.*), 150 B.R. 833, 834

MEMORANDUM OF DECISION - 6

(Bankr. S.D. Fla. 1993); *In re Timberline Prop. Dev., Inc.*, 115 B.R. 787, 791

(Bankr. D. N.J. 1990).

With the adoption of BAPCPA, however, Congress modified the

Code's definition of "transfer."  *See* H.R. REP. NO. 109-31(I), at 141 (2005),

*reprinted in* 2005 U.S.C.C.A.N. 88, 200.  The prior definition, formerly found

in § 101(50), read:  "'transfer' means every mode, direct or indirect,

absolute or conditional, voluntary or involuntary, of disposing of or

parting with property or with an interest in property, including retention

of title as a security interest and foreclosure of the debtor's equity of

redemption."  The updated definition of the term "transfer" provides:

> The term "transfer" means —
> (A) *the creation of a lien*;
> (B) the retention of title as a security interest;
> (C) the foreclosure of a debtor's equity of redemption; or
> (D) each mode, direct or indirect, absolute or conditional,
> voluntary or involuntary, of disposing of or parting with—
>> (i)  property; or
>> (ii) an interest in property.

MEMORANDUM OF DECISION - 7

§ 101(54) (emphasis added).  In making this alteration to the Code,

Congress indicated it was specifically responding to *In re McConville*,[4] and

that the updated definition "gives expression to a widely held

understanding since the enactment of the Bankruptcy Reform Act of 1978

[that] a transfer includes the creation of a lien."  H.R. REP. NO. 109-31(I), at

141.

Suntrust argues that, despite the 2005 amendments, the "for the

purposes of § 549" language from *In re McConville* and other pre-BAPCPA

cases prevents the updated definition from applying to transfers under

§ 549.  Suntrust's Brief at 4-5, Adv. Docket No. 15.  However, in the Court's

view, Congress specifically negated that argument by its reference to *In re*

*McConville* in BAPCPA's legislative history, and by clarifying in the new

---

[4] The legislative history refers to "a 1997 Ninth Circuit case, in which two purchase money lenders (without knowledge that the debtor had recently filed an undisclosed chapter 11 case that was subsequently converted to chapter 7), funded the debtor's acquisition of an apartment complex and recorded their purchase-money deed of trust immediately following recordation of the deed to the debtors."  A footnote to that description identifies the "1997 Ninth Circuit case" as *In re McConville*.  H.R. REP. NO. 109-31(I), at 141.

MEMORANDUM OF DECISION - 8

§ 101(54)(A) that the definition of "transfer" includes the "creation of a lien." *See* § 101(54); H.R. REP. NO. 109-31(I), at 141. This Court has previously recognized Congress' clarification. *See Gugino v. Knezevich (In re Pegram)*, 395 B.R. 692, 696–97 & n.9 (Bankr. D. Idaho 2008) (finding that trustee could avoid voluntary, post-petition creation of a lien on an ATV as a post-petition transfer under § 549 because § 101(54)(A) defines transfer to include the creation of a lien).

The Court concludes that a debtor's creation of a voluntary, post-petition lien is a "transfer" for purposes of § 549.

## II.   Debtor-initiated post-petition transfers are analyzed under § 549.

While Trustee's complaint seeks to avoid Debtors' post-petition transfer by invoking his § 549(a) powers, both parties, in briefs and at oral argument, acknowledged and discussed the interplay and potential conflict between the operation of the § 362(a) automatic stay and § 549. *See* Briefs, Adv. Docket Nos. 13, 15. The Court concludes there is no conflict in the application of these two provisions.

MEMORANDUM OF DECISION - 9

Of course, actions taken in violation of the automatic stay, including those by a creditor to obtain a lien on property of the estate, are void ab initio.  *See* § 362(a)(4); *In re Schwartz*, 954 F.2d at 571.  However, while § 362(a)(4) applies to a broad array of lien creation activities, a debtor's unauthorized post-bankruptcy transfer of a lien is specifically targeted under § 549(a).  *See In re Schwartz*, 954 F.2d at 574.  In addition, § 362(b)(24), another BAPCPA amendment to the Code, includes a cross-reference to § 549, potentially resulting in additional confusion as to the role of each Code section in cases such as this.  *See* § 362(b)(24).[5]

While, at first glance, it appears that both § 362(a)(4) and § 549 could apply to Debtors' creation of the new mortgage in Suntrust's favor, the appropriate analysis of the lien's status is under § 549.  The apparent overlap of §§ 362 and 549 was analyzed by the Ninth Circuit in *In re*

---

[5] Because they had not addressed the relation and operation of these two provision, additional time was afforded the parties to submit post-argument briefs to the Court on the impact that § 362(b)(24) may have on the outcome of this case.  Only Suntrust took advantage of the opportunity to present additional briefing to the Court.  Suntrust Supplemental Brief, Adv. Docket No. 17.

MEMORANDUM OF DECISION - 10

*Schwartz*. 954 F.2d at 573–74. The Ninth Circuit concluded therein that the fundamental factor in determining whether analysis should proceed under § 362 or § 549 is the identity of the transfer-initiating party. *See id.* at 574. As a baseline, "[t]he law in this circuit is . . . that [§] 549 applies to transfers of property which are not voided by the stay." *Id.* If a creditor attempts to create an unauthorized post-petition lien on property of the estate, that transfer is void as a violation of the automatic stay. *Id.* If, however, a *debtor* in a bankruptcy case initiates an unauthorized post-petition transfer of estate property, the § 362 automatic stay does not apply. *See id.* Instead, § 549 applies and creditors may assert the limited protections to transfer avoidance afforded by § 549(c). *Id.*

## III.    Protection for good faith purchasers.

Subject to limitations discussed below, even if a debtor engages in an unauthorized post-petition transfer, § 549(c) protects certain transfers to good faith purchasers from avoidance. § 549(c). More specifically, a trustee may not avoid a debtor-initiated transfer of an interest in real

MEMORANDUM OF DECISION - 11

property if purchased by a transferee in good faith, without knowledge of the bankruptcy case, and for present fair equivalent value. § 549(c); *see also 40235 Wash. St. Corp. v. Lusardi*, 329 F.3d 1076, 1081 (9th Cir. 2003).

Protection for good faith purchasers of real property was extended in a 1992 Ninth Circuit decision concluding that § 549(c) is not only an exception to a trustee's avoidance powers, but also to the automatic stay of § 362. *In re Schwartz*, 954 F.2d at 574. A little over a decade later, in a pre-BAPCPA case, the Ninth Circuit revisited this holding, and found that it no longer considered § 549(c) to be an exception to the automatic stay. *See Lusardi*, 329 F.3d at 1080–81. In its decision, the court noted that, at the time, § 362(b) contained eighteen explicit exceptions to § 362(a), and § 549(c) was not one of them. *Id.*

With BAPCPA, however, several new § 362(b) exceptions were added to the Code. *See generally* H.R. REP. NO. 109-31(I) (detailing Code updates through the 2005 amendments). One of those new exceptions

MEMORANDUM OF DECISION - 12

provides that "[t]he filing of a petition . . . does not operate as a stay . . . of any transfer . . . that is not avoidable under [§] 549." § 362(b)(24). Therefore, because transfers that are "not avoidable under § 549" includes those made to good faith purchasers meeting the requirements of § 549(c), the addition of § 362(b)(24) provides an explicit § 362(b) exception for § 549(c) transfers. *See* § 362(b)(24).

While the legal landscape markedly changed with BAPCPA, the new rule can be summarized simply:  when a debtor makes a post-petition transfer of an interest in real property to a good faith purchaser without knowledge of a bankruptcy case for present fair equivalent value, the transfer is neither avoidable by the trustee, nor void as a violation of the automatic stay.  §§ 362(b)(24), 549(c).  At the same time, § 549(c) includes a provision to protect creditors from a debtor's potential manipulation of this system.  A trustee may avoid a transfer of an interest in real property, even if made to a good faith purchaser without knowledge of the case, so

MEMORANDUM OF DECISION - 13

long as, prior to perfection of the transfer, notice of debtor's bankruptcy is

filed in the county where the real property is located. § 549(c).

**IV.   In this case, however, Suntrust is not a good faith purchaser, and therefore, the new mortgage is not protected from avoidance under § 549(c).**

The critical issue in the current dispute turns on whether the

provisions of § 549(c) were met and Suntrust, as the beneficiary of the post-

bankruptcy transfer of the mortgage on Debtors' house, was a good faith

purchaser.  The Court concludes Suntrust was not a good faith purchaser.

For purposes of § 549(a), Debtors' transfer of the new mortgage to

Suntrust occurred post-petition, and was not authorized either by the Code

or the Court.  The requirements for avoidance of that transfer under

§ 549(a) are, therefore, satisfied.  However, as noted above, § 549(c)

provides a limited exception to the trustee's avoidance powers when the

transferred property is an interest in real property.  § 549(c).  The entity

asserting that a transfer is valid under § 549(c) has the burden of showing

MEMORANDUM OF DECISION - 14

the transfer's validity.  *See* Rule 6001; *Aalfs v. Wirum* (*In re Straightline Invs., Inc.*), 525 F.3d 870, 881 (9th Cir. 2008) (stating, generally, that the party asserting a transfer's validity bears the burden of proof); *40235 Wash. St. Corp. v. Lusardi*, 177 F.Supp.2d 1090, 1097(S.D. Cal. 2007) (applying the Rule 6001 burden to assertions of validity through § 549(c)).[6]  To show that a transfer of an interest in real property is valid under § 549(c), a party must prove that the transfer:  (1) was made to a good faith purchaser without knowledge of the commencement of the bankruptcy case; (2) for present fair equivalent value; and, (3) without copy or notice of the petition being

---

[6]  Some commentators have opined that Rule 6001 is not needed to impose the burden of proof on a party asserting a transfer's validity through § 549(c) because (1) that section is an "affirmative defense" to a trustee's avoidance action, and (2) parties asserting affirmative defenses bear the burden of proof. *See* 10 COLLIER ON BANKRUPTCY ¶ 6001.01[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).  Courts, however, have utilized Rule 6001 to impose the burden of proof on the party asserting a transfer's validity under § 549(c). *See, e.g., Wasserman v. Bressman* (*In re Bressman*), 327 F.3d 229, 236 n.2 (3d Cir. 2003); *40235 Wash. St. Corp. v. Lusardi*, 177 F.Supp.2d 1090, 1097(S.D. Cal. 2007).  Either way, the burden of proof rests on the party asserting the transfer's validity.

MEMORANDUM OF DECISION - 15

filed in the county where such a transfer would be recorded.  *See* § 549(c);

Rule 6001.

1.    <u>Suntrust was not a good faith purchaser without knowledge of
      Debtors' bankruptcy case.</u>

The first prong in the § 549(c) analysis is whether a transfer is made

to a good faith purchaser without knowledge of the bankruptcy case.

§ 549(c).  There is no definition of "good faith purchaser" in either the

Bankruptcy Code or Rules.  *Ewell v. Diebert* (*In re Ewell*), 958 F.2d 276, 281

(9th Cir. 1992).  In analyzing "good faith" language in other sections of the

Code, courts have "followed traditional equitable principles" and held that

"a good faith purchaser is one who buys 'in good faith.'"  *See, e.g., id.*  The

dictionary defines "good faith" as, among other things, "[a] state of mind

consisting of honesty in belief or purpose, . . . or absence of intent to

defraud or to seek unconscionable advantage."  BLACK'S LAW DICTIONARY

762 (9th ed. 2009).  Because the definition refers to "a state of mind," the

extent of a transferee's knowledge must be ascertained to determine

MEMORANDUM OF DECISION - 16

whether he conducted himself in good faith.  *See, e.g., Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 897–98 (7th Cir. 1988) (analyzing "good faith" under § 550(b) and finding a transferee's knowledge important in the good faith determination).

The focus of a § 549(c) analysis is the transferee's knowledge of the commencement of the transferor's bankruptcy case.  § 549(c).  Such knowledge may be either actual or constructive.  *See Jones v. Wingo (In re Wingo)*, 89 B.R. 54, 58 (9th Cir. BAP 1988).  To prove that it acted in good faith due to insufficient knowledge of the commencement of a case, a transferee must show an absence of facts "that would cause a reasonable person to investigate whether the transfer would be avoidable."  *See Robinson v. Home Sav. of Am. (In re Concord Senior Hous. Found.)*, 94 B.R. 180, 183 (Bankr. C.D. Cal. 1988).

In this case, the record shows that Suntrust received actual knowledge of the commencement of Debtors' case when it received notice

MEMORANDUM OF DECISION - 17

of Debtors' § 341 meeting, which was sent to Suntrust by the Clerk shortly

after the filing of Debtors' petition.  Docket No. 2.  However, Suntrust

argues that its receipt of the § 341 meeting notice should not constitute

"actual knowledge" of the bankruptcy case because, while it was delivered

to Suntrust's offices in Maryland, the lender's local personnel involved in

the approval and orchestration of the post-petition loan to Debtors, and the

transfer of the mortgage, had no notice or actual knowledge of Debtors'

bankruptcy case.  *See* Suntrust's Brief at 6–7, Adv. Docket No. 15.

The Court respectfully disagrees with this argument.  Whether an

entity has "knowledge" of a bankruptcy case does not depend on the

manner in which a company is organized, or the status and location of

personnel receiving actual notice.  *See, e.g., Bucyrus Constr. Prod., Inc. v.
McGregor* (*In re Ray Brooks Machinery Co., Inc.*), 113 B.R. 56, 61 (Bankr. M.D.

Ala. 1990) ("[Notice] should not depend on internal handling by

employees and whether it reaches a certain desk in the company.");

MEMORANDUM OF DECISION - 18

*Worthing v. Connecticut Nat'l Bank* (*In re Worthing*), 24 B.R. 774, 776 (Bankr. Conn. 1982) ("Although a creditor may choose to operate its business by dividing its activities into various departments, it may not use that method of operation as a shield against notice properly sent to the creditor in its name and at its place of business.").  The official notice of the commencement of Debtors' bankruptcy case sent to Suntrust's Maryland offices, where it is undisputed it conducted business, was therefore sufficient to impart knowledge to Suntrust of the commencement of Debtors' bankruptcy case for the purposes of § 549.

Because it had actual, pre-lien-creation knowledge of the commencement of Debtors' bankruptcy case, Suntrust does not qualify as a good faith transferee under § 549(c).  The only argument that Suntrust makes concerning its good faith is that notice of the case was sent to the non-local arm of the bank's operations.  Suntrust has not shown an absence of facts justifying its failure to investigate whether the transfer would be

MEMORANDUM OF DECISION - 19

avoidable.  Because Suntrust has not carried the burden of showing that it

lacked knowledge and acted in good faith, the transfer is not valid and is

subject to avoidance under § 549(a).

2.    <u>Suntrust did not prove that present fair equivalent value was
provided for the transfer.</u>

Moreover, Suntrust also fails under the second prong of the § 549(c)

analysis.  Under that standard, a transferee must have paid present fair

equivalent value for the transferred real property interest.  § 549(c).  The

term "present fair equivalent value" has been defined as more exacting

than "reasonably equivalent value," and requires that the value given be

close to a property's fair market value.  *See Shaw v. County of San Bernardino*

(*In re Shaw*), 157 B.R. 151, 153–54 (9th Cir. BAP 1993).

Suntrust has not proved that the value it provided to Debtors was

equivalent to the fair market value of the transferred property interest.

While Suntrust charged Debtors for an appraisal, and asserts that it relied

on the appraisal in determining the property's value, there is no indication

MEMORANDUM OF DECISION - 20

of the transferred property interest's fair market value in the record besides an initial, unsupported claim by Debtors that the property was worth $198,000 at filing, and an indication by Suntrust that the county assessor values the property at $164,627. *See* Docket Nos. 1, 39; Adv. Docket Nos. 14-2, 15. Suntrust argues that "the stipulated facts do not demonstrate that the loan was not for present fair equivalent value." Suntrust's Brief at 8, Adv. Docket No. 15. But this statement turns the burden of proof on its head. It is Suntrust, not Trustee, that must prove that the loan was for present fair equivalent value. *See* Rule 6001. Suntrust has not done so.

3.    <u>Suntrust did not prove that notice of Debtors' bankruptcy was not filed with county.</u>

Finally, there is no indication in the record whether a copy or notice of Debtors' petition was filed in the Bingham County, Idaho, clerk's office. If Trustee had recorded a notice of the petition prior to Suntrust's recording of its lien on January 15, 2009, the § 549(c) exception to § 549(a) would not apply. *See* § 549(c). While the Court suspects that such a

MEMORANDUM OF DECISION - 21

recording did not occur, the evidentiary record is simply silent on this

point.  Again, silence is insufficient for Suntrust to satisfy its burden of

proof under Rule 6001.

### IV.    Trustee may recover Debtors' unencumbered residence for the benefit of the estate.

Trustee may avoid Suntrust's post-petition lien for the benefit of the

bankruptcy estate.  *See* § 549(a); § 550(a).  Section 550(a) is designed to

place the bankruptcy estate in the financial condition that it would have

been in had the avoided transfer not occurred.  *USAA Fed. Sav. Bank v.*

*Thacker* (*In re Taylor*), 599 F.3d 880, 890 (9th Cir. 2010).  Avoidance of

Suntrust's security interest in Debtors' property puts the estate in the

financial condition that it would have been in had the transfer not

occurred.  Absent provision of the lien to Suntrust, and with the

relinquishment of Suntrust's other liens on the property, Debtors'

residence would have been available to the bankruptcy estate for

liquidation and distribution to Debtors' creditors.  *See* §§ 704(a)(1), 726.

MEMORANDUM OF DECISION - 22

Suntrust contends, however, that it would never have released its

pre-petition secured interests if local personnel had known of the

bankruptcy.  Transcript of Oral Argument on Trustee's Complaint to

Avoid Post-petition Transfer at 22:00 (Aug. 10, 2010).  Per Suntrust's view,

to restore Debtors' property to its pre-transfer condition requires that

Suntrust's two pre-petition liens on the property be judicially reinstated.

Suntrust's Supplemental Brief at 5, Adv. Docket No. 17.

The Code endows the Court with power to "issue any order, process,

or judgment that is necessary or appropriate to carry out [Code]

provisions."  § 105(a).  While § 105 vests certain equitable powers in the

bankruptcy court, that power is not unrestrained.  *See Comm. of Creditors*

*Holding Unsecured Claims v. Koch Oil Co.* (*In re Powerline Oil Co.*), 59 F.3d

969, 973 (9th Cir. 1995).  Instead, the § 105(a) power is limited in use to

implementation of specific provisions of the Code.  *United Food and*

MEMORANDUM OF DECISION - 23

*Commercial Workers Union, Local 770 v. Official Unsecured Creditors Comm.* (*In re Hoffman Bros. Packing Co., Inc.*), 173 B.R. 177, 186 (9th Cir. BAP 1994).

Section 550 allows a trustee to recover transferred property for the benefit of the estate. § 550(a). Because § 550(a) is limited to the recovery of transferred property, use of the Court's equitable powers to reinstate Suntrust's mortgages in this context would not implement the provisions of § 550. On the other hand, some courts have used their discretion in crafting equitable remedies to put transferees in the position that they would have been in had the avoided transfer not occurred. *See In re Straightline Investments, Inc.*, 525 F.3d at 883–84 (discussing *Bakst v. Sawran* (*In re Sawran*), 359 B.R. 348 (Bankr. S.D. Fla. 2007); *Dobin v. Presidential Fin. Corp. of Del. Valley* (*In re Cybridge Corp.*), 312 B.R. 262, 268–72 (D. N.J. 2004)). Those courts, however, often considered situations where the transferee was unaware of the bankruptcy case before accepting the transfer. *See id.* Where transferees have pre-transfer knowledge of the bankruptcy case,

MEMORANDUM OF DECISION - 24

such as here, the Court declines to exercise its discretion to favor the

interests of a wrong-doing transferee over those of the other creditors of

the bankruptcy estate. *See also id.* at 884 (reviewing *Acequia, Inc. v. Clinton*

(*In re Acequia, Inc.*), 34 F.3d 800, 812 (9th Cir. 1994), and finding that

requiring wrongfully-transferred property to be returned to the estate,

rather than the transferee, is proper where a debtor's equitable claim to the

transferred property is greater than the transferee's claim).

Adopting Suntrust's position would, in essence, condone the

conduct of a creditor that, without taking any steps to avoid this

predicament, knowingly accepted an unauthorized transfer of property of

a bankruptcy estate. This the Court refuses to do. Suntrust had actual

knowledge of Debtors' bankruptcy at the time that it chose to engage in

this unauthorized transaction and release its pre-petition first and second

mortgages on the property. The deeds of reconveyance on those

mortgages were executed a mere sixty-eight days after Debtors filed their

MEMORANDUM OF DECISION - 25

bankruptcy petition, and just a month after the § 341 creditors' meeting.

Even accepting Suntrust's position that its local personnel acted without

knowledge of the pendency of Debtors' bankruptcy case, Suntrust has little

to be proud of in its approach to this transaction.  The records of this Court,

like those of all bankruptcy courts, are freely available to the public (and

Suntrust) via the Internet.  A quick and simple PACER search would have

immediately yielded the information Suntrust needed to protect itself

against entry into an unauthorized transaction in bankruptcy estate

property.  Section 550 is more protective of the estate than of transferees,

and the Court is not inclined to allow Suntrust to benefit from an

unauthorized post-petition transfer when it could have so easily protected

its interests.  *See id.* at 884–85 ("Section 550 is . . . substantially less

protective of transferees than it is of the estate.").

## Conclusion

MEMORANDUM OF DECISION - 26

Under § 101(54), Debtors' post-petition grant of a mortgage to Suntrust is a transfer for the purposes of § 549. The Debtors' creation of that lien was an unauthorized transfer, and Suntrust failed to prove that it was a good faith transferee under § 549(c). The post-petition transfer may, therefore, be avoided by Trustee under §§ 549(a) and 550(a).

Counsel for Trustee shall submit an appropriate form of judgment for entry by the Court; counsel for Suntrust shall approve the form of that judgment.[7]

Dated: September 16, 2010

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[7]  The Court expresses no opinion, in light of this decision, concerning Suntrust's status as a creditor in this bankruptcy case, whether the post-petition loan by Suntrust to Debtors is discharged, nor whether Debtors may assert a homestead exemption in the house, or the relative priority of that exemption, vis-a-vis Trustee.

MEMORANDUM OF DECISION - 27